**Francis J. SALGO et al., Petitioners,**

**v.**

**Hon. Leonard E. HOFFMAN, Jr., Judge, 160th Judicial District Court of Dallas County, Texas, Respondent.**

**Nos. 18094, 18117.**

Court of Civil Appeals of Texas, Dallas.

Oct. 29, 1974.

Rehearing Denied Nov. 14, 1974.

Ben L. Krage, Rosenberg, Kasmir & Willingham, Dallas, for petitioners.

Paul M. Thorp, Matthews & Thorp, Dallas, for respondent.

GUITTARD, Justice.

This original proceeding is a sequel to our decision in Salgo v. Matthews, 497 S.

W.2d 620 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). We refer to that opinion for the facts and the history of the proceedings.

As our former opinion shows, the trial court issued a temporary injunction at the instance of "non-management" stockholders restraining the management faction from certain acts concerning an election for the board of directors, and on final trial that court issued a permanent injunction requiring the chairman of the stockholders' meeting to reconvene the meeting in open court and declare the nominees of the non-management faction elected. We reversed both orders and rendered judgment "dismissing the action and restoring the parties to the status existing when the suit was filed." After writ of error was denied by the Supreme Court and a motion for rehearing of the application for writ of error was overruled, and after our mandate was filed in the trial court, the pro-management defendants filed in the trial court a "motion to enforce mandate," alleging that on November 9, 1972, the day before the suit was filed, the management nominees had been duly elected, and praying for an order "giving full force and effect to the mandate of the court of civil appeals" by installing the management nominees in office as directors of the corporation. The trial court denied relief, and defendants apply to this court for an original writ of mandamus directing the trial court to enjoin plaintiffs Matthews and Thorp from refusing to relinquish control of the offices of the corporation to the management nominees. Alternatively, defendants pray for an original injunction to enforce the mandate by requiring plaintiffs to relinquish immediately to the management nominees all matters and property belonging to the corporation.

We hold that this relief was properly denied by the trial court and cannot be granted here.

The record as presented to us on the appeal did not establish that the five management nominees were finally elected as directors of the corporation at the stockholders' meeting which began on November 8, 1972. On the contrary, that record shows that the meeting was recessed on November 8 pending counting of the votes and was never reconvened before the suit was filed. On November 9 the count was completed and the "inspector" prepared a certificate stating how he had tabulated the votes. The chairman of the meeting did not reconvene the meeting to accept or reject the certificate and declare the result of the election, but merely accepted the certificate privately and posted an announcement of the result at the corporation's place of business.

Defendants argue that the election was complete and that no further formalities were necessary. We cannot agree. Defendants have not directed our attention to any provision of the corporate bylaws or to any action taken at the meeting which would authorize completion of the election in this fashion. The record fails to show that the authority of the inspector was ever defined or agreed on. The bylaws authorized the presiding officer of the meeting to appoint "inspectors of election," but did not specify their authority. The inspector was introduced to the meeting by chairman Salgo as the "proxy inspector" approved by both factions, and we cannot determine whether he had authority to tabulate the votes as well as to pass on questions of disputed proxies unless we assume that he had such authority as an "inspector of election" under the bylaws. If we assume that he had authority to tabulate the votes, we still have no basis to hold that he also had authority to make a final declaration of the result that would render unnecessary any further action of the chairman in reconvening the meeting and making a formal announcement of the result to the assembled stockholders.

We need not decide whether defendants would be entitled to some other relief designed to enforce this court's order "restoring the parties to the status existing when the suit was filed," since the only

question presented to the trial court and to us is whether the effect of this court's order was to turn the corporation over to the management nominees, and we cannot accept that interpretation of our order for the reasons stated.

The petition for writ of mandamus and the application for original injunction are denied.